

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Forrester Hancock
District Attorney
Waxahachie, Texas

Dear Sir:

Opinion No. O-2344
Re: Are the listed items of
expense legal, and as
such can they be claimed
by a constable? And re-
lated questions.

Your recent request for an opinion of this De-
partment on the questions as are herein stated has been
received.

We quote from your letter as follows:

"A constable, duly elected and qualified
as such, working on a fee basis, reports for
the year 1939, the following items:

"Approximately $4300.00 in collected fees
plus the sum of $670.00 of uncollected fees.

"This constable claims $1800.00 for deputy
hire. There does not appear on the minutes of
the commissioners' court of Ellis County any or-
der approving the deputy hire of any deputy ex-
cept for two months at $75.00 per month. This
constable claims that on the 1st day of January,
1939, he carried his deputy before the commission-
ers' court and introduced him as such and there-
after went to the county clerk's office and filed
the proper papers and paid his fees incident to
deputizing this given man, but he did not present

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Forrester Hancock, Page 2

any written application to the commissioners'
court with reference to the salary per month
or the name of the individual desired to serve
as deputy.  In this particular, the commission-
ers' court has no written order approving the
individual or the salary of the individual who
is claimed to be the deputy by this said con-
stable.

"At the expiration of twelve months this
constable filed an expense account covering the
entire year's operation.  He did not file dur-
ing 1939 a monthly expense account.  In his an-
nual expense account is claimed the following
items, to-wit:

"Telephone and telegraph, printing and
stamps, uniform, siren, badge, and car expense,
miscellaneous.

"With reference to the above stated facts,
we would like to ascertain the following infor-
mation, to-wit:

"1.  Are the items of expense above refer-
red to legal, and as such, can they be claimed
by a constable?

"2.  Can a constable employ a deputy in the
manner above set forth and pay him a salary not
approved or agreed upon by the commissioners'
court and then legally deduct the expenses inci-
dental to such employment from his annual report?

"3.  In auditing the annual report of a con-
stable are the uncollected fees reported by said
constable to be considered as cash items in as-
certaining the total gross earnings?

"4.  Can a commissioners court under the
above stated facts, allow a constable so conduct-
ing his business a reasonable amount of expenses
to be deducted from his total gross fees?  And
can they, in turn allow such constable a reason-
able sum of money for deputy hire, said sum to be

Honorable Forrester Hancock, Page 3

deductable from said constable's total gross
fees collected?

"5.  In this connection if the facts be as
above stated, what would your department recom-
mend as a proper procedure to enforce the rights
of a given county toward a constable acting as
herein stated?

According to the last Federal Census (1930) Ellis
County has a population of 53,936 inhabitants.

Article 3883, Vernon's Annotated Civil Statutes,
reads in part as follows:

"Except as otherwise provided in this Act,
the annual fees that may be retained by precinct,
county and district officers mentioned in this
Article shall be as follows:

". . .

"3.  In counties containing as many as
thirty-seven thousand five hundred and one
(37,501) and not more than sixty thousand
(60,000) inhabitants, or containing a city of
over twenty-five thousand (25,000) inhabitants;
. . . Justice of the Peace and Constable, Eight-
een Hundred ($1800.00) Dollars each. "

Article 3891, Vernon's Annotated Civil Statutes,
reads in part as follows:

"Each officer named in this Chapter shall
first out of the current fees of his office pay
or be paid the amount allowed him under the pro-
visions of Article 3883, together with the sal-
aries of his assistants and deputies, and author-
ized expenses under Article 3899, and the amount
necessary to cover costs of premium on whatever
surety bond may be required by law.  If the cur-
rent fees of such office collected in any year be
more than the amount needed to pay the amounts
above specified, same shall be deemed excess fees,
and shall be disposed of in the manner hereinaf-
ter provided.

Honorable Forrester Hancock, Page 4

".  .  .

"In counties containing as many as thirty-seven thousand, five hundred and one (37,501) and not more than sixty thousand (60,000), or containing a city of over twenty-five thousand (25,000) inhabitants, . . . Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-two Hundred Dollars ($2200)."

Articles 3896, 3897, and 3898, Vernon's Annotated Civil Statutes reads as follows:

"Art. 3896. Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissioners in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided."

"Art. 3897. Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county

Honorable Forrester Hancock, Page 5

auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

"Art. 3898. The fiscal year, within the meaning of this Act, shall begin on January 1st of each year; and each district, county and precinct officer shall file his report and make the final settlement required in this Act not later than February 1st of each year; provided, however, that officers receiving an annual salary as compensation for their services shall, by the close of each month, pay into the officers' Salary Fund or funds, all fees, commissions and compensation collected by him during said month. Whenever such officer serves for a fractional part of the fiscal year, he shall nevertheless file his report and make final settlement for such part of the year as he serves and shall be entitled to such proportionate part of his compensation as the time for his service bears to the entire year."

Paragraph (a) of Article 3899, Vernon's Annotated Civil Statutes, reads as follows:

"(a) At the close of each month of his tenure of office each officer named herein who

660

is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy. The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought

Honorable Forrester Hancock, Page 7

in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be and remain the property of the county. The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses."

Article 3902, reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: . . ."

Honorable Forrester Hancock, Page 8

The salary of a constable in Ellis County under Article 3883, supra, is Eighteen Hundred Dollars ($1800.00) plus one-third of the fees collected in excess of such amount of salary, as provided in Article 3891, supra, so that such total salary shall not exceed the sum of Twenty-two Hundred Dollars.

In this connection we quote from our Opinion No. 0-131, as follows:

"We construe Article 3891 to mean that in computing the excess fees to be allowed these officers it is not permissible to compute one-third of all fees collected but only one-third of such fees in excess of and above $1,800.00. That is to say, if the total fees collected should be $3,000.00, the Justice of the Peace and Constable would be entitled to retain one-third of $1,200.00 which would be the sum of $400.00, thereby making the total salary and excess fees allowed to such officers to be the sum of $2,200.00."

In the case of Pierson, Justice of the Peace, et al., v. Galveston County, 131 S.W. (2d) 27, referring to Article 3899, it was held, among other things, that the purpose of the statute requiring county officers to make a monthly statement of expenses incurred in the conduct of their offices was to provide a means of ascertaining the correctness of such expense items each month as they are incurred and that the actual expenses paid or incurred by such officers constitute the measure of the official's right to recoupment from the county. This case further holds that a Justice of the Peace was not entitled to recover from the county items of expenses claimed for postage, traveling expenses, and messenger service during certain years while in office, where the Justice did not render monthly statements of such expenses as required by statute, but merely filed annual reports estimating the expenses in lump sum amounts. This case also further holds that the statute requiring county officers to make a monthly statement of expenses incurred in the conduct of their offices cannot be evaded by giving yearly estimates of expenses in lump sum amounts.

Referring to Article 3899, supra, we quote from the above mentioned case as follows:

Honorable Forrester Hancook, Page 9

"The manifest purpose of this statute was
to provide a means of ascertaining the correct-
ness of expense items each month as they are in-
curred. The actual expenses paid or incurred
constitute the measure of the official's right
to recoupment. The monthly itemization is for
the protection of the county by affording a
means of ascertaining the fact and amount of
such claimed item of expense and whether it was
properly chargeable as such. It is manifest
from the annual reports and confirmed by the
evidence that these expenses were merely es-
timated and a lump sum given each year. The
statute would be of no value if its salutory
provisions could be evaded in this manner. . ."

The authorized expenses which may be deducted
under Article 3899, supra, are such expenses as are enu-
merated therein, and an officer to be entitled to make
such deductions must comply with Article 3899, supra, by
making an itemized and sworn statement of all the actual
and necessary expenses incurred by him in the conduct of
his office at the close of each month of his tenure of of-
fice. Only those expenses which are authorized under the
statute can be deducted. From the facts stated in your
letter, the constable did not make an itemized and sworn
monthly statement of the expenses incurred by him in the
conduct of his office as required by Article 3899, supra.
Therefore, the opinion of the court in the case of Pierson,
Justice of the Peace, et al. v. Galveston County, supra,
answers your first question.

Article 3902, supra, specifically provides the
manner and method of procedure that any district, county
or precinct officer must follow when such officer requires
the services of deputies, assistants, or clerks in the per-
formance of his duties. Under the facts stated in your
inquiry, the constable did not comply with any of the pro-
visions of the above mentioned statute. Therefore, your
second question is respectfully answered in the negative.

In answer to your third question, you are advised
that it is our opinion that in auditing the annual report of

the constable, the uncollected fees reported by said constable are not to be considered as cash items in ascertaining the total gross earnings, but such fees are to be considered as fees earned during the fiscal year and not collected, which shall be shown in the sworn statement of the constable as provided by Article 3897, Vernon's Annotated Civil Statutes.

In view of the foregoing authorities and under the statement of facts above quoted, your fourth question is answered in the negative.

With reference to your fifth question, it is our opinion that the proper procedure to enforce the right of the county under the above mentioned facts would be for the county to institute suit on the constable's bond to collect any and all fees that the constable is illegally withholding from the county which the county is legally entitled to.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUL 12, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ew



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN